For respondents: Knauer & Fowler, Huddy & Moulton, Joseph Hammill.

Bridget A. Gallivan
vs.                          Eq. No. 10977.
Jeremiah F. Gallivan

December 22, 1931.

BLODGETT, P. J. Heard upon bill and answer.

Bill seeks to have two accounts now deposited in the Providence Institution for Savings in the name of respondent declared to be a joint account belonging to complainant and respondent.

The complainant and respondent have been married twenty-five years. They own two tracts of real estate with tenement houses and garages upon them in Providence, standing in their names as joint tenants or tenants in common. They have no children. For some reason they disagreed with each other and a divorce action is pending between them.

On the property on Sackett Street the Robert L. Walker Co. holds a mortgage for $4,500, the interest on which is in arrear.

On the Lynn Street property are two mortgages aggregating $4,800 which are also in arrear and the taxes for the present year, now due, are unpaid.

The complainant has always collected the rents of these houses and now has on hand $280, not enough to pay the overdue interest, payments due upon the principals of said mortgages and the taxes and insurance.

Complainant testifies that any amounts due for such interest, principal and taxes over and above the amount of rents collected have always been paid out of the accounts in said bank, but that respondent refuses at this time to draw out from same any money to pay said interest, &c.

Complainant further testifies that the real estate named was purchased from savings, and that the money deposited in her husband's name came in part from the income of said real estate and in part from his daily earnings; that she had always done the housework.

Up to the time the complainant and respondent separated there would seem from the testimony a kind of partnership arrangement between them.

Respondent testifies the reason a bank account was at one time transferred from his name to that of his wife was his fear of a law suit from one Foley. Respondent further testified that the cause of a second transfer was his anticipation of another

law suit against himself (p. 32 of record).

Q. 34 (p. 32) "What was the reason the money was then taken out and put in your joint account?

A. I wanted it back again in my own account and Mrs. Gallivan's, to show we would be in partnership with it.

Q. 35 So you would be in partnership?

A. Yes, certainly."

Both complainant and respondent are honest, hard-working people, bending all their energies to the saving of money and the accumulation of property, and each seemed to have confidence in the other up to the time of their disagreement, and to have worked together as partners. After the rift respondent has refused to draw out from these accounts standing in his name sufficient funds to pay the arrears now due on principal and interest of said mortgages, overdue taxes and insurance, as has been his custom in the past when the income arising from said property was insufficient.

"Q. 82 (p. 36) So that the money in the bank as a matter of fact, was a partnership money, so that if it was found necessary to use that money to pay off?

A. If I got sick or out of work to have it to pay the bills.

Q. 83 That was what the bank account was for?

A. Yes.

Q. 84 The bank account was in the event that the rents were not able to pay, and in the event that you did not make enough money to pay, you always had that to fall back on to pay the taxes, payments on account of the principal and the interest, isn't that correct?

A. Yes."

The harmony of twenty-five years of married life seems to have been broken from a hint offered in reply to question 84, by respondent, that his wife said he kept this bank account to keep a neighbor.

It would seem to the Court that complainant and respondent should get together after living in harmony so many years.

There is no doubt in the mind of the Court that purchases of real estate and deposits of money in the bank were made at the time for the joint interests of each other, and that said bank accounts, or so much as may be necessary, should be used to pay all arrears of principal and interest due on said mortgages, all overdue taxes and overdue insurance.

Decree to this effect may be entered.

For complainant: Peter W. McKiernan.

For respondent: William E. Reddy.